# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ‖ | |
| Plaintiff, | ‖ | No. 08mj87 |
| vs. | ‖ | **DETENTION ORDER** |
| SHAWN SCOFIELD, | ‖ | |
| Defendant. | ‖ | |

_____

This matter came on for detention hearing on April 16, 2008. Assistant U.S. Attorney Timothy Duax appeared on behalf of the plaintiff (the "Government"). The defendant Shawn Scofield appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of Sioux City Police Detective Ryan Bertrand.

The court must determine whether any condition or combination of conditions will reasonably assure Scofield's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846,848 (8th Cir. 1986).

The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Scofield as required and the safety of the community if the court finds there is probable cause to believe Scofield committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Scofield sexually abused his seven-year-old stepdaughter on numerous occasions, under circumstances designed to minimize the possibility that he would be detected by others. Scofield has failed to offer any evidence to rebut the presumption that he is a danger to the community. Viewing the record as a whole, the court finds no conditions of release would ensure the safety of the community if Scofield were released.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Scofield is a flight risk, and by clear and convincing evidence that Scofield would be a danger to the community if released. Therefore, the court finds the following:

1.     Scofield is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2.     The Attorney General shall afford Scofield reasonable opportunity for private consultation with counsel while detained.

3.     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Scofield to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4.     If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

        (a)     Attach a copy of the release/detention order to the appeal;

        (b)     Promptly secure a transcript.

5.     There is *no automatic stay* of this Order.  Therefore, Scofield must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 16th day of April, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT